IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

2014 JUN 16  AM 9: 19

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
              DEPUTY

LTD MATERIAL, LLC,

          **Plaintiff,**

-vs-

**Case No. A-14-CA-364-SS**

STAR   INSURANCE   COMPANY;
MEADOWBROOK, INC. d/b/a Meadowbrook
Claims Service; and CUNNINGHAM LINDSEY
U.S., INC.,

          **Defendants.**

---

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff LTD Material, LLC's Motion to Remand [#7], and Defendants Star Insurance Company, Meadowbrook, Inc., and Cunningham Lindsey U.S., Inc.'s Response [#8]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motion to remand and remanding this case to the 126th Judicial District Court of Travis County, Texas.

### Background

LTD Material designs, fabricates, and manufactures parts and products for the aerospace and telecommunications industries. For several years, LTD Material machined a particular high purity quartz material used in the semiconductor industry for Hayward Quartz Technology. In November 2011, LTD Material and Hayward entered into an agreement whereby LTD Material would manufacture a particular part for two years, contingent upon LTD Material providing three separate



test samples meeting Hayward's standards. The first two samples produced by LTD Material passed the qualification process and were accepted. Before LTD Material could produce the final sample, its facility was damaged by a tornado. As a result of the damage to the facility and contamination of a manufacturing clean room, LTD Material's third sample did not pass the qualification process. As a result, Hayward cancelled its two-year order.

LTD Material submitted a claim to its insurer, Star Insurance, for its losses resulting from the tornado. The Star Insurance policy provided coverage for any "actual loss of net income . . . normally earned," and further stated any loss amount would "consider the experience of 'your' 'business' before the loss and the probable experience had no loss occurred." LTD Material's theory is that it would have made several million dollars in sales to Hayward had the tornado not damaged its facility. Star Insurance assigned the claim to Meadowbrook and Cunningham Lindsey for handling and adjustment. After an investigation, Meadowbrook and Cunningham Lindsay informed LTD Material the loss of the Hayward income would not be covered because LTD Material did not have a contract with Hayward at the time of the loss. Star Insurance ultimately tendered payment on the claim excluding the predicted Hayward sales numbers.

LTD Material filed this lawsuit in Texas state court on April 2, 2014, alleging Star Insurance had violated various provisions of the Texas Insurance Code. The original petition also alleges Meadowbrook and Cunningham Lindsey violated Texas Insurance Code section 541.061, entitled "Misrepresentation of Insurance Policy." LTD Material alleges Meadowbrook and Cunningham Lindsey misrepresented the nature of the policy by denying coverage based on a contract requirement not found in the policy. LTD Material also alleges Meadowbrook and Cunningham violated the

Texas Deceptive Trade Practices Act through its tie-in provision with Chapter 541 of the Texas Insurance Code.

Defendants removed to this Court on the basis of diversity jurisdiction. There is no dispute LTD Material is a citizen of Texas and is diverse from every defendant except Cunningham Lindsey, which is also a citizen of Texas. Defendants contend Cunningham Lindsey was improperly joined to defeat diversity jurisdiction. LTD Material disagrees and has moved to remand the case to the state court.

## Analysis

### I.     Motion to Remand—Legal Standard

"[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Moreover, because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *Id.* District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts also have diversity jurisdiction over civil actions between "citizens of different States," where the amount in controversy exceeds $75,000.00. *Id.* § 1332(a). The Supreme Court has interpreted this statute to require "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Further, the removal statute states diversity actions are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

"The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[1] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). "One way in which a diverse defendant may establish improper joinder is by showing the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quotation omitted).  The test for improper joinder relevant to this case is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

## II.    Application

The parties' dispute centers on whether there is any possibility LTD Material might recover against Cunningham Lindsey on its section 541.061 claim. The statute declares it "an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy" in a number of ways, including by "making an untrue statement of material fact." TEX. INS. CODE § 541.061. The parties agree Cunningham Lindsey, in its role as the adjuster, may be held liable for violations of the Texas Insurance Code. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 (5th Cir. 2004) (citing *Liberty Mutual Ins. Co. v. Garrison Contractors*, 966 S.W.2d 482 (Tex. 1998)).

Defendants contend Cunningham Lindsey's post-loss statement about the reason for Star Insurance's denial of coverage for the Hayward income loss does not amount to an actionable

---

[1] Similarly, § 1441(b) prevents removal only if one of the "properly joined" defendants is a citizen of the state in which the action is brought. Thus, an improper joinder makes § 1441(b) inapplicable.

misrepresentation under section 541.061. According to Defendants, the statute "contemplates . . . situations where a carrier represents 'specific circumstances' which will be covered and subsequently denies coverage." *Effinger v. Cambridge Integrated Servs. Grp.*, 478 F. App'x 804, 807 (5th Cir. 2011) (unpublished) (quoting *U.S. Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir. 1994)). While it is true the statute contemplates those situations, recent decisions by the Texas Supreme Court suggest it is not so limited. For example, the Texas Supreme Court recently held section 541.061 "applies to the misrepresentation of an insurance policy," and vacated a jury verdict where there was no evidence the carrier made any untrue statement regarding the policy. *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 446 (Tex. 2012). Later that same year, the court reversed another jury verdict under Section 541.061, noting the evidence at trial did not show any "untrue statements about or failure to disclose something about the insurance policy," but instead revealed the parties' dispute "was the extent of [the insured]'s injury, not what the policy said or whether it covered" the injury in question. *Tex. Mut. Ins. Co. v. Morris*, 383 S.W.3d 146, 150 (Tex. 2012).

The alleged misrepresentation here concerns the policy itself. According to LTD Material, the policy contains no requirement there be an existing contract to recover for lost income, but Cunningham Lindsey stated the absence of a contract was the reason for the coverage denial. Under Texas law, such a statement may amount to a misrepresentation of an insurance policy. *See Mother Zion Baptist Church v. State Farm Lloyds*, No. H-14-54, 2014 WL 1401859, at *2 (S.D. Tex. Apr. 9, 2014) (no improper joinder where plaintiff alleged adjuster conducted an inadequate investigation, denied damages, and grossly undervalued other damages); *Durable Specialties, Inc. v. Liberty Ins. Corp.*, No. 3:11-CV-739-L, 2011 WL 6937377, at *6 (N.D. Tex. Dec. 30, 2011) (no improper joined

where plaintiff alleged adjuster failed to investigate and refused to pay claims); *Sargent v. Safeco Ins. Co. of Indiana*, No. H-10-4252, 2011 WL 819492, at *4 (S.D. Tex. Mar. 2, 2011) (no improper joinder where plaintiff alleged adjuster conducted inadequate investigation, undervalued damages, and refused to pay claim); *Harris v. Allstate Tex. Lloyd's*, No. H-10-0753, 2010 WL 1790744, at *4 (S.D. Tex. Apr. 30, 2010) (no improper joinder where plaintiff alleged adjuster, among other things, "misrepresent[ed] the policy coverage").

Under the specific circumstances of this case, the Court cannot say with confidence whether a Texas state court would allow recovery against Cunningham Lindsey or not.[2] In the removal context, this uncertainty must be construed against removal and in favor of remand. The Court cannot say LTD Material has "no possibility of recovery" against Cunningham Lindsey, and therefore the joinder was not improper. *Smallwood*, 385 F.3d at 573. In the absence of improper joinder, Cunningham Lindsey's Texas citizenship may be considered, and it destroys complete diversity between the parties. This Court therefore lacks subject matter jurisdiction over this case, and remand is required.

Finally, LTD Material seeks to recover more than $11,000 in attorney's fees incurred in preparing the motion to remand. Although 28 U.S.C. § 1447(c) authorizes a district court to award attorney's fees to the plaintiff who succeeds on a motion to remand, fees are generally awarded "only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In this case, Defendants had an objectively reasonable basis for

---

[2] Additionally, if the state court were to find LTD Material's section 541.061 claim viable, Cunningham Lindsey may also be liable under the DTPA.

seeking removal. Although the Court ultimately concludes Cunningham Lindsey was not improperly joined, the question under Texas law is a close one, and decisions from federal district courts in Texas both remanding and retaining jurisdiction in similar circumstances are plentiful. The Court therefore declines to award fees to LTD Material.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff LTD Material, LLC's Motion to Remand [#7] is GRANTED;

IT IS FURTHER ORDERED that this case is REMANDED to the 126th Judicial District Court of Travis County, Texas;

IT IS FINALLY ORDERED that the Clerk of Court shall provide a certified copy of this order to the Clerk of the 126th Judicial District Court of Travis County, Texas.

SIGNED this the _16th_ day of June 2014.


SAM SPARKS
UNITED STATES DISTRICT JUDGE